UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02457-JVS-JC | Date | June 12, 2023 |
|---|---|---|---|
| Title | Tom Blake v. Davis | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | |
|---|---|---|
| Kerri Hays | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| none present | | none present |

**Proceedings:** (IN CHAMBERS)

### ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS TIME-BARRED

On March 31, 2023, Plaintiff Tom Blake, who is in state custody, is proceeding *pro se*, and has been granted leave to proceed without prepayment of filing fees ("IFP"), filed a Civil Rights Complaint ("Complaint" or "Comp.") pursuant to 42 U.S.C. § 1983 ("Section 1983"). (Docket No. 1). The Complaint asserts just one claim against Correctional Officer "Davis" in his individual and official capacities for violation of the Eighth Amendment based on allegations that Davis sexually abused Plaintiff at California State Prison – Los Angeles County ("CSP-LAC") on multiple occasions over several days in late 2011.[1] (Comp. at 3-9).

The Complaint appears to be barred by the statute of limitations, *i.e.*, the deadline for filing a lawsuit. The applicable statute of limitations for actions brought pursuant to Section 1983 is the forum state's statute of limitations for personal injury actions. Bird v. Dep't of Human Servs., 935 F.3d 738, 743 (9th Cir. 2019) (per curiam) (citation omitted), cert. denied, 140 S. Ct. 899 (2020); Mills v. City of Covina, 921 F.3d 1161, 1166 (9th Cir.), cert. denied, 140 S. Ct. 388 (2019). "In California, personal injury claims that accrued after January 1, 2003, are subject to a two-year statute of limitations."[2]

---

[1] As the Complaint describes Plaintiff as a "transgender girl" (see Comp. at 4), the Court uses female pronouns to refer to Plaintiff. Citations to the Complaint and attached exhibits refer to the page numbers assigned by the Court's official Case Management/Electronic Filing System (CM/ECF).

[2] There is a single applicable statute of limitations for each state; California's longer statute of limitations for claims of sexual assault against adults, see Cal. Code Civ. Proc. § 340.16, does not alter the two-year statute of limitations for Section 1983 actions. See Bonneau v. Centennial Sch. Dist. No. 28J, 666 F.3d 577, 579 (9th Cir. 2012) (Section 1983 plaintiff not entitled to Oregon's longer statute of limitations for childhood sexual response because "a state's residual personal injury statute of limitations, not a range of specialized statutes of limitations, should be applied to § 1983 claims to

(continued...)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02457-JVS-JC | Date | June 12, 2023 |
|---|---|---|---|
| Title | Tom Blake v. Davis | | |

Colony Cove Props., LLC v. City of Carson, 640 F.3d 948, 956 (9th Cir.), cert. denied, 565 U.S. 971 (2011); Cal. Civ. Proc. Code § 335.1; Jackson v. Barnes, 749 F.3d 755, 761 (9th Cir. 2014), cert. denied, 574 U.S. 1077 (2015). Federal law determines when a cause of action accrues and the statute of limitations period begins to run. McDonough v. Smith, 139 S. Ct. 2149, 2155 (2019); Wallace v. Kato, 549 U.S. 384, 387 (2007). Under federal law, "a claim accrues when the plaintiff knows or has reason to know of the injury that forms the basis of his cause of action." Soto v. Sweetman, 882 F.3d 865, 870 (9th Cir.), cert. denied, 139 S. Ct. 480 (2018); Bird, 935 F.3d at 743.

Here, as noted above, the incidents of sexual abuse alleged in the Complaint occurred over several days in "late 2011." (Comp. at 4-8). The Complaint gives no indication that the conduct continued beyond that period. Moreover, an administrative grievance attached to the Complaint indicates that the alleged abuse occurred only during the period when Plaintiff was housed at CSP-LAC "in 2011-2012." (Comp. at 18-19). Plaintiff's claim therefore accrued in 2012, at the latest, when Plaintiff clearly was aware of the abuses Defendant allegedly committed against her. Applying the two-year statute of limitations, the Complaint is untimely by about nine years, absent tolling.

The Court borrows California's statutory and equitable tolling rules to the extent they are not inconsistent with federal law. See Azer v. Connell, 306 F.3d 930, 936 (9th Cir. 2002); Jones v. Blanas, 393 F.3d 918, 927-28 (9th Cir. 2004), cert. denied, 546 U.S. 820 (2005). Among other statutory provisions, California applies up to two years of tolling for plaintiffs imprisoned for less than a life term. Cal. Civ. Proc. Code § 352.1(a) ("If a person entitled to bring an action . . . is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years."); Brown v. County of Los Angeles, 830 F. App'x 231, 232 (9th Cir. 2020) (only prisoners serving sentences less than life without the possibility of parole are entitled to tolling under section 352.1). California law also provides for the tolling of a statute of limitations based on mental incapacity. Cal. Civ. Proc. Code § 352(a) ("If a person entitled to bring an action, mentioned in Chapter 3 (commencing with Section 335) is, at the time the cause of action accrued either under the age of majority or lacking the legal capacity to make decisions, the time of the disability is not part of the time limited for the commencement of the action."). Here, there is nothing to suggest that Plaintiff qualifies for mental-incapacity tolling under section 352. Assuming Plaintiff qualifies for two years of imprisonment tolling under section 352.1, her claim still would be untimely by about seven years.

---

[2](...continued)
prevent unnecessary litigation and preserve the efficacy of the § 1983 remedy") (citing Wilson v. Garcia, 471 U.S. 261, 272-73 (1985), superseded by statute on other grounds as recognized by Jones v. R.R. Donnelly & Sons Co., 541 U.S. 369 (2004)). Nothing in this Order addresses whether a state law claim of sexual assault, if filed by Plaintiff in California state court, might be deemed timely by such court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02457-JVS-JC | Date | June 12, 2023 |
|---|---|---|---|
| Title | Tom Blake v. Davis | | |

In addition, California provides for equitable tolling in limited circumstances when the plaintiff satisfies the following three conditions: (1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith." Fink v. Shedler, 192 F.3d 911, 916 (9th Cir. 1999) (internal quotation and citation omitted), cert. denied, 529 U.S. 1117 (2000); see also Jones, 393 F.3d at 928 ("Equitable tolling under California law 'operates independently of the literal wording of the Code of Civil Procedure to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness.'") (quoting Lantzy v. Centex Homes, 31 Cal. 4th 363, 370 (2003)). Relatedly, tolling generally occurs for the period when an inmate pursues mandatory exhaustion of administrative remedies. See Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005) ("[T]he applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process.").

Here, the Complaint provides no apparent basis for equitable tolling sufficient to overcome the time bar. In particular, the record reflects that Plaintiff did not pursue her claim reasonably, and Defendant was not given timely notice of the claim. It appears, rather, that Plaintiff never came forward about Defendant's alleged conduct until November 2022 – at least ten years after the conduct occurred. The November 2022 grievance attached to the Complaint states, regarding the alleged abuse in 2011-2012, that Plaintiff had for "several years [] kept this to [her]self" until the "Me Too Movement made [Plaintiff] think and come forward to expose this [correctional officer] for the wrong he has done to [Plaintiff]." (Comp. at 18-19). Plaintiff wrote that she was "starting [her] journey to heal from all [her] abusers" (Comp. at 19), further suggesting she had not pursued relief for Defendant's conduct prior to November 2022. Plaintiff's ten-year delay – even if not unworthy of sympathy – does not appear to qualify for equitable tolling, at least without additional facts to satisfy the three conditions stated above, including reasonableness and good faith by Plaintiff.

A time-barred claim may be dismissed at the screening stage when expiration of the applicable statute of limitations "is apparent on the face of the complaint." Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010) (quoting Huynh v. Chase Manhattan Bank, 465 F.3d 992, 997 (9th Cir. 2006)) (internal quotation marks omitted), cert. denied, 131 S. Ct. 3055 (2011); Belanus v. Clark, 796 F.3d 1021, 1024-25 (9th Cir. 2015) (affirming dismissal of *pro se* complaint upon screening pursuant to 28 U.S.C. § 1915A, in part, because prisoner's complaint, on its face, appeared to be untimely and barred by the applicable statute of limitations); Franklin v. Murphy, 745 F.2d 1221, 1229 (9th Cir. 1984) ("An action may be dismissed under [IFP statute] where the defense is complete and obvious from the face of the pleadings or the court's own records."); Bieregu v. Ashcroft, 259 F. Supp. 2d 342, 355 n.11 (D. N.J. 2003) ("Although the statute of limitations is an affirmative defense which may be waived by the defendant, it is appropriate to dismiss *sua sponte* under [28 U.S.C.] § 1915(e)(2) a *pro se* civil rights claim whose untimeliness is apparent from the face of the Complaint.") (citations omitted). Before dismissing time-barred claims, however, the plaintiff must first be given an opportunity to address equitable tolling. See Givens v. City & County of San Francisco, 269 F. App'x 685, 685-86 (9th Cir. 2008) (vacating and remanding district court's dismissal of complaint on initial

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02457-JVS-JC | Date | June 12, 2023 |
|---|---|---|---|
| Title | Tom Blake v. Davis | | |

screening pursuant to 28 U.S.C. § 1915A, without leave to amend, because plaintiff had not been afforded opportunity to address equitable tolling) (citing Cervantes v. City of San Diego, 5 F.3d 1273, 1276-77 (9th Cir. 1993) (noting dismissal on statute of limitations grounds is disfavored where matters outside the complaint are not considered and where equitable tolling may apply)).

Accordingly, IT IS ORDERED that Plaintiff shall show good cause in writing, by not later than **July 5, 2023**, as to why this action should not be dismissed as time-barred. Plaintiff's response should address whether she properly qualifies for tolling or other grounds sufficient to overcome the applicable statute of limitations. Alternatively, if Plaintiff does not wish to proceed with this federal action, she may instead date, sign and return the attached dismissal notice by the foregoing deadline.

**Plaintiff is cautioned that the failure to comply with this Order to Show Cause and/or to show good cause may result in the dismissal of this action as time-barred, for lack of prosecution and/or for failure to comply with a Court Order.**

IT IS SO ORDERED.[3]

Attachment

---

[3] The Court's order herein constitutes a non-dispositive ruling on a pretrial matter. To the extent a party disagrees with such non-dispositive ruling, such party may file a motion for review by the assigned District Judge within fourteen (14) days. See Local Rule 72-2.1. To the extent a party believes the ruling to be dispositive, rather than non-dispositive, such party has the right to object to this Court's determination that the ruling is non-dispositive within fourteen (14) days. A party will be foreclosed from challenging the ruling herein if such party does not seek review thereof, or object thereto.